IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-00973-CMA
(Criminal Action No. 14-cr-00207-CMA-1)

UNTIED STATES OF AMERICA,

    Plaintiff/ Respondent,

v.

RANDE BRIAN ISABELLA,

    Defendant/ Movant.

___

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE (Doc. # 320)**
___

    This matter is before the Court on Defendant Rande Brian Isabella's Motion for Compassionate Release. (Doc. # 320.) After complete review of Mr. Isabella's Motion, and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that Mr. Isabella's Motion for Compassionate Release is DENIED.

    FACTORS CONSIDERED:

- Mr. Isabella is a 64-year-old inmate currently housed at FCI Loretto in Pennsylvania. (Doc. # 320 at 2.)

- In 2017, Mr. Isabella was found guilty of coercion and enticement and attempted production of child pornography. (Doc. # 276.) He was sentenced to 216 months in prison followed by 20 years of supervised release. (*Id.*) His projected release date is October 17, 2029. (Doc. # 322 at 1; Doc. # 323 at 31.)

- At the time of his motion, Mr. Isabella had served approximately 43% of his sentence. *See* (Doc. ## 276, 323 at 31.) He has 8 years left of his imprisonment sentence yet to serve. (Doc. ## 276, 322 at 2.)

- There is no dispute that Mr. Isabella has exhausted his administrative remedies. (Doc. # 323 at 2.)

- Mr. Isabella now seeks compassionate release. (Doc. # 320.) He argues that he "suffers from a host of medical conditions" which "make him particularly vulnerable to severe illness or death if infected with the COVID-19 virus." (*Id.* at 2.) Further, he asserts that he has "job skills, a masters degree, family support, a residence, no history of drug use, and no criminal record." (*Id.* at 7.) Mr. Isabella argues that these factors support a finding of extraordinary and compelling circumstances. (*Id.* at 9.)

- The Court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)]" the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

  - The applicable Sentencing Commission policy statement provides that a court may reduce the term of imprisonment if it finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13. The policy statement includes an application note that specifies the

- types of conditions and characteristics that qualify as "extraordinary and compelling reasons" for release, including advanced age, severe physical deterioration, terminal illness, and the death of a caregiver of the defendant's minor children. USSG § 1B1.13, cmt. n.1(A)-(C).

- As the movant, Mr. Isabella bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

- Mr. Isabella argues that the danger COVID-19 poses to him, given his underlying health conditions, warrants compassionate release. (Doc. # 320 at 5.) Specifically, Mr. Isabella points to his (1) body mass index ("B.M.I.") of 36 and obesity, (2) hyperlipidemia, (3) age of 64, and (4) "severe sleep apnea" as factors that place him into "the high-risk category" for COVID-19. (*Id.*) Regarding his sleep apnea, Mr. Isabella notes that he has been without his CPAP machine since July 27, 2020. (*Id.* at 6.) He alleges that he "was forced to surrender his CPAP machine or quarantine with inmates who had tested positive for COVID-19." (*Id.*) Mr. Isabella asserts that without his CPAP machine, he has suffered significant sleep deprivation and a weakened immune system. (*Id.*)

- The Government responds that Mr. Isabella "has failed to show 'extraordinary and compelling' reasons to justify the relief sought." (Doc. # 323 at 1.) The Government acknowledges that Mr. Isabella suffers from the aforementioned medical conditions; however, the Government has provided medical records showing that BOP has provided Mr. Isabella with access to treatment and medical care for those conditions. (*Id.* at 5–6; Doc. # 325-2 at 4, 9.) The

3

    Government notes that Mr. Isabella has been prescribed medication for hyperlipidemia and, although he currently does not have a CPAP machine because of his preference to not live in alternate housing, Mr. Isabella has been advised of his ability to continue CPAP therapy should he change his mind about living in alternate housing. (Doc. # 323 at 6.) As such, the Government asserts that Mr. Isabella's health conditions do not meet the threshold of extraordinary and compelling reasons justifying a sentence reduction. (*Id.* at 1.)

- The Court finds that Mr. Isabella's medical conditions do not rise to the level of "extraordinary and compelling" medical conditions justifying compassionate release, such as a terminal illness or permanent physical or medical condition that substantially diminishes Mr. Isabella's ability to provide self-care within the environment of a correctional facility. *See* USSG § 1B1.13, cmt. n.1(A); *see also United States v. Sanchez*, No. 18-3052 KG, 2020 WL 7711911, at *3–4 (D.N.M. Dec. 29, 2020) (concluding that a defendant's "severe obstructive sleep apnea," in conjunction with obesity, high cholesterol, and high blood pressure, did not establish extraordinary and compelling conditions justifying early release).

- This Court agrees with those courts that have held that the presence of COVID-19 risk factors, standing alone, do not give rise to extraordinary and compelling reasons justifying compassionate release. *See, e.g. United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's

spread."); *accord United States v. Korn*, No. 15-CR-81S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[I]n this Court's view, the mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme." (emphasis removed)); *United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Ca. Mar. 25, 2020) ("As defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G. § 1B1.13, a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

- Even assuming Mr. Isabella had met his burden of proving the existence of extraordinary and compelling circumstances, early release would not be appropriate. First, the Court notes that Mr. Isabella has a significant amount of time yet to serve for the underlying offense. Moreover, after considering the 18 U.S.C. § 3553(a) factors, the Court finds that the following factors indicate that Mr. Isabella presents a risk to the community to reoffend: (1) the nature and circumstances of the underlying offense, which involved Mr. Isabella repeatedly engaging in sexually explicit communication with minor female victims, directing them to send him sexually explicit pictures, and sending them pictures of his own genitalia (Doc. # 322 at 2; Doc. # 250); and (2) thus far, Mr. Isabella has not participated in sex offender treatment (Doc. # 323 at 31); *see United States v. Wooley*, No. 6:13-cr-00224-AA, 2020 WL 2490093, at *3 (D. Or. May 14, 2020)

5

(denying compassionate release upon concluding that the defendant posed a danger to society in part due to the fact he had not completed BOP's sex offender treatment program); *United States v. Fischer*, No. CR ELH-14-0595, 2020 WL 2769986, at *6 (D. Md. May 27, 2020) (same).

- Because Mr. Isabella has failed to demonstrate the existence of extraordinary and compelling circumstances, and because the Court finds he presents a risk to the community to reoffend, early release is not justified. For the foregoing reasons, Mr. Isabella's Motion for Compassionate Release (Doc. # 320) is DENIED.

DATED:  October 14, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge