**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 21-cv-00973-CMA
(Criminal Action No. 14-cr-00207-CMA-1)

UNITED STATES OF AMERICA,

      Plaintiff/ Respondent,

v.

RANDE BRIAN ISABELLA,

      Defendant/ Movant.

---

**ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255**

---

This matter is before the Court on several motions submitted *pro se* by

Defendant Rande Brian Isabella:

- Motion to Vacate Under 28 U.S.C. § 2255. ("Motion to Vacate") (Doc. # 330);

- Motion for Equitable Tolling and Leave to Supplement the Motion to Vacate under 28 U.S.C. § 2255 ("Motion for Equitable Tolling") (Doc. # 333);

- Motion to Amend Motion to Vacate under 28 U.S.C. § 2255 ("Motion to Amend") (Doc. # 341);

- Ex-Parte Motion for a More Definite Statement (Doc. # 344); and

- Supplement to Motion to Vacate under 28 U.S.C. § 2255 ("Supplement") (Doc. # 345).

The Court grants in part and denies in part Mr. Isabella's Motion to Amend (Doc. # 341), denies Mr. Isabella's petition for relief under 28 U.S.C. § 2255, and denies all remaining motions.

## I.   BACKGROUND

On May 20, 2014, a federal grand jury indicted Mr. Isabella on four counts. (Doc. # 1.) Count 1, coercion and enticement under 18 U.S.C. § 2422(b), and Count 2, production of child pornography and attempted production of child pornography under 18 U.S.C. § 2251(a) and (e), both related to Mr. Isabella's interactions with minor S.F. (Doc. # 1.) Count 3, attempted coercion and enticement under 18 U.S.C. § 2422(b), and Count 4, attempted production of child pornography under 18 U.S.C. § 2251(a) and (e), concerned his interactions with an undercover officer posing as a minor. (Doc. # 1.) After an 11-day trial, a jury found Mr. Isabella guilty of Counts 1 and 2 for his communications with S.F. and acquitted Mr. Isabella on Counts 3 and 4 relating to his interactions with the undercover officer. (Doc. # 276.) The Court sentenced Mr. Isabella to 216 months in prison and 20 years of supervised release. (*Id.*)

Mr. Isabella filed an appeal, and the Tenth Circuit affirmed his convictions on March 12, 2019. (Doc. # 307); *see United States v. Isabella*, 918 F.3d 816 (10th Cir. 2019). The U.S. Supreme Court denied Mr. Isabella's petition for a writ of certiorari on March 30, 2020. (Doc. # 313.)

The instant Motion to Vacate (Doc. # 330) was docketed on April 5, 2021, although the postmark indicates that Mr. Isabella placed his motion in the prison legal mail on March 30, 2021. In his Motion to Vacate and Motion to Amend, Mr. Isabella contends that his sentence should be vacated on the ground that he received ineffective

assistance of counsel. (Doc. # 330 at 4; Doc. # 341-1.) He raises several arguments regarding his counsel's allegedly deficient performance, including that counsel failed to object that he was "acquitted" of conduct underlying Count 1 and 2, did not challenge erroneous jury instructions, and failed to raise as-applied constitutional challenges.

## II.  **LEGAL STANDARDS**

### A.  **STANDARD OF REVIEW FOR § 2255 MOTIONS**

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The reviewing court must set aside the conviction if it determines that the sentence is unconstitutional or unlawful. 28 U.S.C. § 2255(b). However, if the motion and other documents before the court "conclusively show that [the d]efendant is not entitled to relief," the court may deny the motion without an evidentiary hearing. *United States v. Bernhardt*, No. 96-CR-203-WJM, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020); *see also Hedman v. United States*, 527 F.2d 20, 21 (10th Cir. 1975).

### B.  **PRO SE STANDARD OF REVIEW**

Because Mr. Isabella is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991)). "It is [not] the proper function of the district court to assume the role of advocate

for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

### III.    DISCUSSION

**A.    PROCEDURAL ISSUES**

    1.    Timeliness

Motions filed under 28 U.S.C. § 2255 are subject to a 1-year period of limitations.

28 U.S.C. § 2255(f). The limitation period runs from "the date on which the judgment of

conviction becomes final." 28 U.S.C. § 2255(f)(1). Mr. Isabella's judgment became final

on March 30, 2020—the date the U.S. Supreme Court denied his petition for a writ of

certiorari. (Doc. # 313); *see United States v. Burch*, 202 F.3d 1274, 1278 (10th Cir.

2000). Mr. Isabella's Motion to Vacate was docketed on April 5, 2021; however, it was

postmarked on March 30, 2021, and Mr. Isabella attested under penalty of perjury that

he placed the motion in the prison legal mail system on March 30, 2021. (Doc. # 330 at

5, 86.) The Motion to Vacate is therefore timely. *See Price v. Philpot*, 420 F.3d 1158,

1163–65 (10th Cir. 2005) (applying the prison mailbox rule to § 2255 motions).

    2.    Motion to Amend

Amendments to motions under 28 U.S.C. § 2255 are governed by Federal Rule

of Civil Procedure 15. *See United States v. Espinoza-Saenz*, 235 F.3d 501 (10th Cir.

2000). Under Rule 15(a)(1)(B), "[a] party may amend its pleading once as a matter of

course within . . . 21 days after service of a responsive pleading." Fed. R. Civ. P.

15(a)(1); *see Gashe v. United States*, No. C17-4029-MWB, 2017 WL 11506416, at * 2

n.4 (N.D. Iowa May 8, 2017) (granting a motion to amend a 28 U.S.C. § 2255 motion

because petitioner was "entitled to amend as of right" under Fed. R. Civ. P. 15(a)(1)(B));

*Cray v. United States*, No. 3:13-cv-1246-J-34MCR, 2016 WL 6125515, at *11 n.11 (M.D. Fla. Oct. 20, 2016) (same).

Rule 15 also permits amendment with the Court's leave, and courts should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendments to motions filed under § 2255 are untimely if they are filed outside of the 1-year period of limitations. *See United States v. Roe*, 913 F.3d 1285, 1296 (10th Cir. 2019). Pursuant to Rule 15(c), a motion to amend a § 2255 motion may be granted if "the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." *Espinoza-Saenz*, 235 F.3d at 505 (quoting *United States v. Thomas*, 221 F.3d 430, 431 (3d Cir. 2000)). The operative question for whether an amended motion "relates back" pursuant to Fed. R. Civ. P. 15(c)(1)(B) is whether the original and amended motions state claims that are "tied to a common core of operative facts." *Roe*, 913 F.3d at 1298 (quoting *United States v. Trent*, 884 F.3d 985, 992–93 (10th Cir. 2018)). In answering that question, the Court must focus on whether the new claim is "supported by facts that differ in both time and type" from those in the original petition. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). The answer will often turn on "whether the newly asserted claim would have had to be pleaded as a discrete claim" if it was set out in the original motion. *Roe*, 913 F.3d at 1298.

Mr. Isabella's original Motion to Vacate asserts 17 claims of ineffective assistance of counsel in 88 pages. *See* (Doc. 330.) The Government filed its Response (Doc. # 338) on June 9, 2021. Mr. Isabella filed his Motion to Amend 16 days later, on June 25, 2021. (Doc. # 341.) In his amended motion, Mr. Isabella pares his 17 claims to 13 claims in approximately 103 pages. (*Id.*) He also attaches a 7-page affidavit in which

he puts forth his own version of facts relating to his relationship with minor M.E., a witness who testified at trial. *See* (Doc. # 341-1 at 104–110). Mr. Isabella asserts that the amendment should be allowed as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B) or, alternatively, it should be granted because the amendment "relates back" to his original Motion to Vacate and puts forth no new claims. He asks the Court "to let the amended motion in its entirety be the operative pleading in this case." (Doc. # 341 at 3.)

The Government filed a 4-page Response (Doc. # 343) opposing Mr. Isabella's Amended Motion. The Government objects that Mr. Isabella "is actually bringing new claims of ineffective assistance" rather than merely providing additional factual support for his original Motion to Vacate. (Doc. # 343 at 2.) However, the Government does not identify which, if any, of Mr. Isabella's claims are new.

After thoroughly reviewing Mr. Isabella's original Motion to Vacate and his amended motion, the Court notes that the 13 claims Mr. Isabella has preserved in his amended motion are the same as their counterparts in his Motion to Vacate, though each is rewritten and reorganized. Thus, for the most part, Mr. Isabella's amendment serves to clarify or amplify those 13 claims in his original Motion to Vacate. To the extent that Mr. Isabella asserts sub-claims that do not relate back to his original Motion to Vacate, those claims are time-barred. The Court will address timeliness below as it applies to each claim or subclaim in Mr. Isabella's Motion to Amend.

## B.   CLAIMS FOR RELIEF UNDER § 2255

Mr. Isabella argues that his sentence must be vacated because he received ineffective assistance of counsel. A defendant claiming to have received ineffective

assistance of counsel must show that (1) his attorney's performance was deficient; and (2) the attorney's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a "strong presumption" that counsel's performance "falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish deficient performance, Mr. Isabella must show that his attorney's representation "fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 688. To establish prejudice, Mr. Isabella must show that there is a reasonable probability that, absent counsel's errors, "the result of the proceeding would have been different." *Id.* at 694.

When the basis for an ineffective assistance of counsel claim is counsel's failure to raise an issue, the Court looks to the merits of the omitted issue. *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006). "If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance." *Id.* Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

1.   <u>First Claim</u>

Mr. Isabella asserts that his appellate counsel was ineffective for failing to raise a "dead bang winner" issue. (Doc. # 341-1 at 4.) After reviewing Mr. Isabella's Motion to Amend and his Motion to Vacate, the Court is satisfied that Mr. Isabella presents no new subclaims for this issue and, therefore, will address the claim as amended.

In order to prevail on a "dead bang winner" argument, Mr. Isabella must show that there is "a reasonable probability that the omitted claim would have resulted in a

reversal on appeal." *Neill v. Gibson*, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001) (clarifying the standard for a "dead bang winner"). When considering a claim of ineffective assistance of appellate counsel for failure to raise a dead bang winner issue, courts "look to the merits of the omitted issue." *Id.* at 1057 (quoting *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999)).

The issue that Mr. Isabella asserts is a "dead bang winner" is that he was not convicted of production of child pornography in Count 2. (Doc. # 341-1 at 5.) According to Mr. Isabella, he was "acquitted" of this "most serious" offense or, alternatively, it was "dismiss[ed] with prejudice and jeopardy attached." (*Id.*) Construing his pleading liberally, Mr. Isabella argues that the Court's failure to acknowledge this "acquittal" or "dismissal" constituted constitutional error. (*Id.* at 7.) He asserts that his appellate counsel was ineffective for failing to raise this argument during his appeal and that, had the Tenth Circuit reviewed it, the panel would have been required to reverse his convictions under *Chapman v. California*, 386 U.S. 18, 24 (1967) (holding that constitutional error warrants reversal unless it is "harmless beyond a reasonable doubt"). (Doc. # 341-1 at 7.)

Mr. Isabella's argument is tied to Count 2 of the Indictment, which originally alleged both completed and attempted production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). *See* (Doc. # 1.) During a conversation relating to jury instructions at a pre-trial conference, the Government informed the Court that it would be proceeding on an attempt theory only for Count 2. (Doc. # 291, Tr. at 290.) When the Court asked if the Government was dismissing Count 2, the Government stated, "we're not moving to dismiss the count," rather, "[w]e are asking only the attempt portion of the

statute be submitted to the jury." (*Id.*) Defense counsel objected, and the Court overruled the objection and concluded that the jury should not be instructed on completed production of child pornography for Count 2.[1] (*Id.*, Tr. at 293–94.) Accordingly, the special jury verdict form listed Count Two as "Attempted Production of Child Pornography." (Doc. # 225 at 2.)

Mr. Isabella asserts that the Government's shift to an attempt theory for Count 2 of the indictment was an "acquittal" of the completed offense of production of child pornography. He further argues that he had evidence "clearly proving someone else produced the child pornography" and, by the Government focusing only on an attempt theory, "his winning defense evidence was rendered useless."[2] (Doc. # 341-1 at 7.)

The Court finds that Mr. Isabella's arguments have no merit. Mr. Isabella was charged with attempted production of child pornography, and he was convicted of the same. The Government's election to pursue a conviction for attempted production of child pornography did not automatically acquit Mr. Isabella of the completed offense. Indeed, because both the completed and attempted crime were alleged in Count 2, it is illogical and impossible for Mr. Isabella to have been both "acquitted" of Count 2 and convicted by the jury of the same Count. The Government pursuing an attempt theory was no surprise to Mr. Isabella or his counsel because he had been charged with

---

[1] In describing this change to the Indictment, the Tenth Circuit stated: "Because the Government conceded that Mr. Isabella did not play a role in the production of the only alleged child pornography in this case, the Government sought to amend the Indictment to address only attempted production of child pornography, and the district court granted its motion." (Doc. # 306 at 3.)

[2] Mr. Isabella's argument that he did not produce child pornography centers on a picture of S.F. admitted into evidence at trial (the "torso pic"). The Tenth Circuit acknowledged that "the torso pic was produced before S.F. began communicating with Mr. Isabella," and the Government conceded the same at trial. (Doc. # 306 at 3 n.2, 30.)

attempted production for child pornography from the original indictment.[3] Moreover, Mr. Isabella does not explain how showing that someone else produced child pornography would negate proof of the elements of **attempted production of child pornography**— the crime of which he was charged and convicted in this case for his communications with S.F.

In the alternative, Mr. Isabella argues that the Government's decision to proceed only on an attempt theory constituted an improper dismissal of an indictment in violation of Fed. R. Crim. P. 48(a). Rule 48(a) provides that "the government may not dismiss the prosecution during trial without the defendant's consent." The Court finds that this argument has no merit because the Government's decision to proceed on an attempt theory occurred at a pre-trial conference, not during trial, and the Government did not dismiss Count 2, let alone the Indictment. Rule 48(a) is inapplicable to this case.

Because these issues have no merit, Mr. Isabella's counsel did not err by failing to raise them on appeal.

2.   Second Claim

Next, Mr. Isabella asserts that his counsel was ineffective at trial for repeatedly failing to object that the Government relied upon "production of child pornography" as the predicate offense for Count 1. (Doc. # 341-1 at 9.) In so arguing, Mr. Isabella reiterates his previous claim that he was "acquitted" of production of child pornography or the charge was dismissed with prejudice in Count 2. The Court has already rejected

---

[3] Count 2 of the original Indictment alleged that Mr. Isabella "did employ, use, persuade, induce, entice, and coerce a person under the age of 18 years . . . to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . **and attempted to do so.**" (Doc. # 1) (emphasis added). The "attempted to do so" clause is located at the end of the first paragraph of Count 2 of the Indictment.

these arguments. Nevertheless, the Court will examine Mr. Isabella's claims regarding the predicate offense for Count 1. Because Mr. Isabella's amended claim relates back to his original Motion to Vacate, the Court will review the claim as amended.

Count 1 of the Indictment charged Mr. Isabella with persuading and attempting to persuade S.F. to "engage in sexual activity for which any person can be charged with a criminal offense" in violation of 18 U.S.C. § 2422(b). (Doc. # 1 at 1.) The Government alleged that the "sexual activity for which any person can be charged with a criminal offense" in this case was production of child pornography. The special jury verdict form required the jury to identify the sexual activity that formed the basis for this element of Count 1, and the jury identified "production of child pornography" as that basis. (Doc. # 225 at 1.) Mr. Isabella argues that his counsel was ineffective for failing to object that he was actually "absolved" of production of child pornography in Count 2, so the predicate of Count 1 could not be satisfied. (Doc. # 341-1 at 14.)

This Court already rejected the substance of this argument in its Order (Doc. # 270) denying Mr. Isabella's Motion of Acquittal Regarding Count One, or, Alternatively, Motion for New Trial Regarding Count One, and Motion for New Trial Regarding Count Two (Doc. # 226). The Court noted that "[e]ven when the production of child pornography is the underlying criminal activity in a § 2422(b) conviction, the statute is inherently directed towards different conduct than that proscribed by § 2251." (Doc. # 270 at 6.) "Actual consummation of the underlying criminal sexual activity is irrelevant." (*Id.*); *see United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012) (observing that the gravamen of § 2422(b) is the "intentional attempt to achieve a **mental** state—a minor's assent—regardless of the accused's intentions [concerning] the actual consummation of

sexual activities with the minor" (quoting *United States v. Berk*, 652 F.3d 132, 140 (1st Cir. 2011))). Thus, in 18 U.S.C. § 2422(b), "Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves." *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000). Mr. Isabella's argument that he could not be convicted of persuading or attempting to persuade S.F. of producing child pornography without also being convicted of producing child pornography has no support in the law.

Moreover, the Tenth Circuit reviewed the sufficiency of the evidence for Counts 1 and 2 and affirmed Mr. Isabella's convictions. (Doc. # 306 at 24–25.) Because Mr. Isabella's argument that he was "acquitted" of a predicate offense for Count 1 has no merit, his counsel was not ineffective for failing to object on that basis.

3.     Third Claim

Mr. Isabella's third claim alleges that his counsel was ineffective on appeal for failing to raise the issue of "a prejudicial and unconstitutional special verdict form." (Doc. # 341-1 at 16.) The Court finds that Mr. Isabella's amended third claim arises from the same operative facts as his similar third claim in his original Motion to Vacate and therefore reviews the claim as amended.

Essentially, Mr. Isabella raises the same argument as he did in his second claim that he was "acquitted" for the predicate offense underlying Count 1, but in this claim he argues that the presence of "production of child pornography" as an option for the underlying conduct for Count 1 listed on the special verdict form was "a fundamental defect" that caused "a complete miscarriage of justice" because he was "acquitted" of that offense (Doc. # 341-1 at 23.) For reasons already stated, Mr. Isabella's argument

that he was "acquitted" of production of child pornography in Count 2 has no merit and, in any event, whether he committed the completed crime of production of child pornography in Count 2 has no bearing on whether he persuaded or attempted to persuade minor S.F. to engage in the production of child pornography in Count 1. The Government was not required to show that Mr. Isabella produced child pornography to prove either Count 1 or 2, and the jury selecting "Production of Child Pornography" as the underlying sexual conduct for the coercion and enticement charge in Count 1 did not serve to convict Mr. Isabella of that crime. Accordingly, Mr. Isabella's counsel was not ineffective for declining to challenge the jury verdict form on this basis on appeal.

4.    Fourth Claim

Mr. Isabella omitted his fourth claim from his Motion to Amend. In his original Motion to Vacate, he argued that "acquitted conduct was relied upon to convict Movant, violating his rights under the Double Jeopardy Clause." (Doc. # 330 at 23.) The Court finds that this claim is duplicative of other arguments raised by Mr. Isabella, and in any event, he has abandoned it. The Court therefore declines to address it.

5.    Fifth and Sixth Claims

Next, Mr. Isabella argues that his counsel was ineffective for failing to raise a double jeopardy issue that he was "adjudicated as not guilty for the production of child pornography" but nevertheless convicted of Counts 1 and 2 with production of child pornography as an unproven "predicate" offense. (Doc. # 341-1 at 24.) He also argues, as his sixth claim, that his appellate counsel was ineffective for failing to challenge his convictions on the basis that he was "adjudicated not guilty and guilty" for production of child pornography in Count 2. (Doc. # 341-1 at 28.) Because these claims are largely

13

duplicative, and because they relate back to Mr. Isabella's iterations of these claims in his original Motion to Vacate, the Court will address both amended claims together.

The Court has already rejected Mr. Isabella's mistaken premise that he was "acquitted" of production of child pornography. The Court also notes that the Tenth Circuit did address double jeopardy arguments raised by Mr. Isabella's appellate counsel relating to Counts 1 and 2. *See* (Doc. # 306 at 49–56.) It was certainly reasonable for appellate counsel to focus the defense's double jeopardy theory on the similarities between the statutory elements of § 2422(b) and § 2251(a) and (e) instead of raising Mr. Isabella's unfounded argument that he was "acquitted" of a predicate offense or underlying conduct related to Counts 1 and 2. *See Smith*, 528 U.S. at 288; *see also United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 20009) ("[The] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." (quoting *Smith v. Murray*, 477 U.S. 527, 536 (1986))).

The Tenth Circuit affirmed both of Mr. Isabella's convictions and held there was no violation of double jeopardy. The Court finds that Mr. Isabella's appellate counsel was not ineffective for failing to raise an additional double jeopardy theory based on Mr. Isabella's mistaken assertion that he was "acquitted" of production of child pornography as an underlying predicate offense to his other convictions.

     6.   <u>Seventh Claim</u>

Mr. Isabella's seventh claim appears to be a direct challenge to the Tenth Circuit's review of the sufficiency of the evidence. Because this claim relates back to the original Motion to Vacate, the Court will review it as amended.

Mr. Isabella argues that the Tenth Circuit violated his due process rights "by overlooking or disregarding an elemental review" as a matter of law. (Doc. # 341-1 at 35.) Mr. Isabella does not indicate if, or how, his appellate counsel was ineffective for failing to raise additional sufficiency of the evidence issues.

The Tenth Circuit reviewed the sufficiency of the evidence in this case and affirmed Mr. Isabella's convictions. The Court, therefore, will not address Mr. Isabella's related arguments. *See United States v. Pritchard*, 875 F.2d 789, 791 (10th Cir. 1989) (issues disposed of on direct appeal generally will not be considered in a § 2255 collateral attack); *Davis v. United States*, 392 F.2d 291, 292 (10th Cir. 1968) (concluding that questions of sufficiency of the evidence are not reviewable in § 2255 proceedings). The remainder of this claim is not cognizable because Mr. Isabella petitions a district court to reverse a federal court of appeals. *See, e.g., United States v. Worku*, No. 17-cv-00497-JLK, 2017 WL 4051755, at *1 (D. Colo. Sept. 11, 2017).

7.   Eighth and Ninth Claims

Next, Mr. Isabella argues that his appellate counsel was ineffective for failing to challenge the jury instructions for Count 2 on the grounds that they "broadened the bases as to unconstitutionally amend the indictment."[4] (Doc. # 341-1 at 42.) Because

---

[4] Mr. Isabella puts forth his substantive arguments relating to erroneous jury instructions in claim eight and his related ineffective assistance of appellate counsel arguments in claim nine. Mr. Isabella's substantive arguments relating to jury instructions are procedurally barred, and he has not shown sufficient cause or prejudice to warrant review in this proceeding. *See United States v. Walling*, 982 F.2d 447, 448 (10th Cir. 1995) (noting that § 2255 is not available to test the legality of matters that should have been raised on direct appeal); *United States v. Hightower*, No. 05-cv-01009-EWN, 2008 WL 4426030, at *2 (D. Colo. Sept. 25, 2008) (concluding that a defendant could not bring procedurally barred claims in a section 2255 proceeding "unless he can show cause and resulting prejudice"). Therefore, the Court reviews Mr. Isabella's eighth and ninth claims regarding jury instructions solely for the purpose of reviewing his ineffective assistance of counsel claim.

Mr. Isabella's claims relate back to his original Motion to Vacate, the Court will review them as amended.

Mr. Isabella asserts that the "erroneous" jury instructions relieved the Government of its burden to prove mens rea and divested the Court of jurisdiction. (*Id.*) Specifically, he objects that certain words—"if," "such," and "that"—appear in the statutory text of 18 U.S.C. § 2251(a) and (e), but do not appear in the jury instructions. (Doc. # 341-1 at 45.) Mr. Isabella avers that these changes impermissibly altered the jurisdictional "hook" of § 2251(a) and constructively amended the indictment.

A constructive amendment may occur where jury instructions "broaden[] the basis for a defendant's conviction beyond acts charged in the indictment." *United States v. Cruz-Rodriguez*, 570 F.3d 1179, 1182 (10th Cir. 2009). "To constitute a constructive amendment, the district court proceedings must modify an essential element of the offense or raise the possibility that the defendant was convicted of an offense other than that charged in the indictment." *Id.* A defendant's rights are not prejudiced where an indictment properly pleads violation of a statute and the defendant was not misled about the nature of the charges. *Id.*

18 U.S.C. § 2251(a) states:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), **if such** person knows or has reason to know that **such** visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, **if that** visual depiction was produced or transmitted using materials that have been

> mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or **if such** visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

28 U.S.C. § 2251(a) (emphases added to highlight the words Mr. Isabella objects to being absent). For comparison, jury instruction no. 18 for Count 2 required that the Government prove beyond a reasonable doubt that:

> Mr. Isabella knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mail or that the visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

(Doc. # 222 at 24.)

In response, the Government argues that Mr. Isabella has not shown how the exclusion of these words in the jury instructions prejudiced him or constituted a fundamental miscarriage of justice. (Doc. # 338 at 20.) According to the Government, the indictment properly tracked the language of the statute, and the jury instructions did the same. (*Id.* at 20–21.)

The Court agrees with the Government. Mr. Isabella does not show how the exclusion of the words "such," "if," and "that" constituted a constructive amendment of the indictment, let alone a variance. *See United States v. Sells*, 477 F.3d 1226, 1237 (10th Cir. 2007) ("A simple variance arises when the evidence adduced at trial establishes facts different from those alleged in the indictment, and triggers harmless error analysis."). Aside from conclusory statements that removing these words unconstitutionally amended the indictment, Mr. Isabella does not explain how or why the exclusion of these words broadened the indictment or otherwise prejudiced him. Without

a showing of prejudice, the Court finds that Mr. Isabella's counsel was not ineffective on appeal for failing to raise this issue.

        8.    <u>Tenth Claim</u>

        Mr. Isabella next argues that his appellate counsel was ineffective for failing to challenge the constitutionality of 18 U.S.C. § 2251(a) as applied to him. (Doc. # 341-1 at 59.) This claim relates back to Mr. Isabella's original Motion to Vacate, so the Court will review it as amended.

        Mr. Isabella does not explain how or why 18 U.S.C. § 2251(a) is unconstitutional as applied to him. Instead, Mr. Isabella argues that his conviction under the statute was unconstitutional because the evidence was insufficient to prove that he engaged in any of the "class of activities" contemplated under 18 U.S.C. § 2251(a) and (e). (Doc. # 341-1 at 60.) Essentially, Mr. Isabella reiterates his argument that he was not convicted of producing child pornography and therefore he could not be convicted of enticing or coercing S.F. to engage in "sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2551(a). He argues that "simple sexting"—which he admits to engaging in with S.F.—does not fall in the ambit of "sexually explicit conduct" prohibited by 18 U.S.C. § 2251(a) and (e). (Doc. # 341-1 at 63.)

        Mr. Isabella's arguments relating to the sufficiency of the evidence run counter to the evidence presented at trial. Moreover, this Court has already addressed Mr. Isabella's mistaken argument that the Government had to prove Mr. Isabella personally produced child pornography to be convicted for an offense under 18 U.S.C. § 2251(a) and (e). Because Mr. Isabella does not make a cognizable claim that 18 U.S.C. §

2251(a) is unconstitutional as applied to him, the Court finds that his appellate counsel was not ineffective for failing to raise this issue. The Tenth Circuit affirmed Mr. Isabella's convictions on appeal, and he is not entitled to reargue the sufficiency of the evidence in these proceedings through the lens of an unconstitutional-as-applied challenge.

9.   Eleventh Claim

Next, Mr. Isabella raises a similar argument that his appellate counsel was ineffective for failing to raise the issue that 18 U.S.C. § 2422(b) is unconstitutional as applied to him because the statute did not require proof of "the actus reus element." (Doc. # 341-1 at 69.) Because Mr. Isabella's claim relates back to his original Motion to Vacate, the Court will review this claim as amended.

18 U.S.C. § 2422(b) makes it a criminal offense for a person to knowingly persuade, induce, entice, or coerce a minor to "engage in . . . any sexual activity for which any person can be charged with a criminal offense" or attempt to do so. Mr. Isabella repeats his claim that because he was not convicted of the completed crime of producing child pornography, his conviction under 18 U.S.C. § 2422(b) cannot stand. He essentially argues that the "actus reus" for the statute is the completed offense of production of child pornography. This argument fails to recognize that attempt is covered by the statute. The Court has already addressed and rejected this argument as meritless, so Mr. Isabella's appellate counsel was not ineffective for failing to raise it.

10.   Twelfth Claim

In his Motion to Amend, Mr. Isabella omits his twelfth claim that trial counsel failed to offer proper jury instructions. The Court declines to address it.

11.     Thirteenth Claim

Mr. Isabella next argues that his counsel was ineffective for "opening the door" to testimony without first investigating evidence, interviewing witnesses, gathering vital impeachment evidence, and preparing character witnesses. (Doc. # 341-1 at 77.)

Mr. Isabella's arguments focus primarily on the testimony of minor M.E., who the Government called to rebut Mr. Isabella's testimony at trial that he did not know S.F.'s age and that he was engaged only in fantasizing. Defense counsel objected to M.E.'s testimony before and during trial and moved for a mistrial after her testimony was complete. The district court overruled the objections and denied the motion for a mistrial, and the Tenth Circuit reviewed the entirety of M.E.'s testimony and affirmed. (Doc. # 306 at 12–13, 36–42.)

In his § 2255 motion, Mr. Isabella primarily argues that his trial counsel failed to sufficiently investigate M.E. and failed to call a witness that would have permitted the defense to impeach M.E. (Doc. # 341-1 at 80.) He argues that this same witness, Chelsey Pritchard, would have provided character evidence on his behalf. (*Id.*) Aside from offering his own description of Ms. Pritchard's prospective testimony, Mr. Isabella does not show how her testimony would have been favorable to him. *See Snow v. Sirmons*, 474 F.3d 693, 730 n.42 (10th Cir. 2007) (to show prejudice, habeas petitioner "must show not only that the testimony of an uncalled witness would have been favorable, but also that the witness would have testified at trial") (brackets and internal quotation mark omitted); *see also United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant

cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."). Because Mr. Isabella does not adequately show how the absence of Ms. Pritchard's testimony prejudiced him, the Court finds that his counsel was not ineffective for failing to call Ms. Pritchard as a witness.

Mr. Isabella also argues that his counsel was ineffective for failing to adequately investigate M.E. (Doc. # 341-1 at 81.) However, aside from making conclusory statements such as "M.E.'s credibility could have easily been impeached," Mr. Isabella does not explain how this investigation would have affected the result of the case. (*Id.* at 80.) Because Mr. Isabella fails to show how any prejudice resulted from this alleged failure to investigate, it does not constitute ineffective assistance. *See Fisher*, 38 F.3d at 1147 ("[W]e are not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.").

12.    Fourteenth Claim

Mr. Isabella next claims that there was "no legitimate factual or legal basis" for his convictions. (Doc. # 341-1 at 82.) This claim relates back to his original Motion to Vacate, so the Court will address it as amended. Mr. Isabella focuses primarily on the metadata from S.F.'s phone and argues that the timing is such that he could not have produced child pornography found on that phone. (Doc. # 341-1 at 83–84.) After thoroughly reviewing Mr. Isabella's arguments, the Court finds that Mr. Isabella does not raise a cognizable habeas claim. Instead, Mr. Isabella continues to reargue the sufficiency of the evidence for a charge—production of child pornography—of which he

was not convicted and fails to show how his counsel's performance was deficient or how it prejudiced him.

### 13.   Fifteenth Claim

In his Motion to Amend, Mr. Isabella omits his fifteenth claim relating to his counsel's failure to raise the issue of cumulative prosecutorial misconduct. The Court therefore declines to address it.

### 14.   Sixteenth Claim

Next, Mr. Isabella argues that his appellate counsel was ineffective for failing to argue that 18 U.S.C. § 2256(2) is unconstitutional as applied to him. (Doc. # 341-1 at 96.) Mr. Isabella raised this issue in his original Motion to Vacate, but he provided no supporting facts or argument. In his Motion to Amend, Mr. Isabella submits two pages of facts and argument relating to this issue. The Court finds that even with the additional facts, this claim is meritless. 18 U.S.C. § 2256(2) provides the definition for "sexually explicit conduct." Mr. Isabella does not explain how this definition is unconstitutional as applied to him, nor does he establish how challenging a statutory definition in this case is a cognizable claim. Mr. Isabella makes no showing of prejudice relating to this allegedly unconstitutional definition. For these reasons, the Court finds that his counsel was not ineffective for failing to raise the issue.

### 15.   Seventeenth Claim

Mr. Isabella also omits his seventeenth claim relating to "cumulative" ineffective assistance of counsel from his Motion to Amend. The Court declines to address it.

16.     Affidavit Re: M.E.

With his Motion to Amend, Mr. Isabella submits his Affidavit Re: M.E. (Doc. # 341-1 at 104–110.) In this Affidavit, Mr. Isabella puts forth his own version of events regarding his relationship with M.E. and asserts claims attacking M.E.'s character and credibility. The facts and claims asserted in this Affidavit do not appear in Mr. Isabella's original Motion to Vacate and therefore do not "relate back" pursuant to Fed. R. Civ. P. 15(c). Accordingly, the claims in the Affidavit are time barred and the Court declines to consider them.

## C.     SUPPLEMENT AND EQUITABLE TOLLING

Supplements to § 2255 motions are also governed by Fed. R. Civ. P. 15. "On motion and reasonable notice, the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

Mr. Isabella filed his Supplement on August 2, 2021. (Doc. # 345.) The Supplement provides short "substance summaries" of each claim asserted in Mr. Isabella's Motion to Amend. Because the Supplement does not set forth any transaction, occurrence, or event that occurred after the Motion to Amend, the Court declines to address it. (Doc. # 345.)

Because the Court fully addressed Mr. Isabella's Motion to Amend, the Court denies Mr. Isabella's Motion for Equitable Tolling (Doc. # 333) as unnecessary.

## D.     CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability in this case because Mr. Isabella has not made a substantial showing of the denial of a constitutional right.

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Mr. Isabella's Motion to Amend Motion to Vacate Under 28 U.S.C. § 2255 (Doc. # 341) is GRANTED in part and DENIED in part as set forth in this order;

- Mr. Isabella's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. # 330) is DENIED for the reasons set forth in this order;

- Mr. Isabella's Motion for Equitable Tolling and Leave to Supplement the Motion to Vacate Under 28 U.S.C. § 2255 (Doc. # 333) is DENIED;

- and Mr. Isabella's Ex-Parte Motion for a More Definite Statement (Doc. # 344) and Second Motion for Extension of Time to File Reply (Doc. # 346) are DENIED as moot.

It is FURTHER ORDERED that no certificate of appealability will issue because

Mr. Isabella has not made a substantial showing of the denial of a constitutional right.

DATED:  November 17, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge